**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| VIKSHANAE VICKERS,<br><br>Plaintiff,<br><br>v.<br><br>NRA GROUP, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-1207<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Reuben J. Sheperd |

**OPINION AND ORDER**

Plaintiff Vikshanae Vickers brought this action alleging that Defendant NRA Group, LLC violated the Fair Debt Collection Practices Act by engaging in "unlawful debt collection practices." (ECF No. 1, ¶ 1, PageID #1.) Defendant moves to dismiss for failure to state a claim. Plaintiff did not respond to the motion. For two separate and independent reasons, the Court **GRANTS** the motion.

**STATEMENT OF THE FACTS**

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the Court must on the motion before it, Ms. Vickers bases her claim on the following facts.

NRA Group—a "debt collection agency engaged in the business of collecting consumer debts"—contacted Ms. Vickers. (ECF No. 1, ¶ 6, PageID #1.) Specifically, on June 17, 2025 NRA Group contacted Ms. Vickers by text message regarding an "alleged consumer debt" in an unspecified amount. (*Id.,* ¶ 7, PageID #2.) Ms. Vickers disputed the debt and told NRA Group that it does not belong to her. (*Id.*, ¶ 8.)

According to the complaint, Ms. Vickers instructed NRA Group to stop contacting her regarding the debt, but it allegedly continued to send collection messages. (*Id.*, ¶ 9–10.) Ms. Vickers alleges that these actions caused her "stress, frustration, annoyance, and emotional distress." (*Id.*, ¶ 11.)

## STATEMENT OF THE CASE

On May 26, 2026, Plaintiff filed a complaint against Defendant asserting a single claim for violation of the Fair Debt Collection Practices Act. (*Id.*, ¶ 13.) She alleges that Defendant's actions violate 15 U.S.C. §§ 1692c–1692e. (*Id.*) Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 11, PageID #36.) Plaintiff did not oppose the motion, request an extension of time to do so, or otherwise respond.

## ANALYSIS

At the motion to dismiss stage, a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). Therefore, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). So, to survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint

must “raise a right to relief above the speculative level” into the “realm of plausible liability.” *Twombly*, 550 U.S. at 555.

In assessing plausibility, the Court must construe factual allegations in the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in the plaintiff’s favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a pleading must offer more than mere “labels and conclusions,” because “‘a formulaic recitation of the elements of a cause of action will not do.’” *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Nor is a court required to accept “[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]” *Eidson v. Tennessee Dep’t of Children’s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

“Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.” *Iqbal*, 556 U.S. at 678–79. Thus, in reviewing a motion to dismiss, the Court must distinguish between “well-pled factual allegations,” which must be treated as true, and “naked assertions,” which need not be. *See Iqbal*, 556 U.S. at 628 (“Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.”) (alteration and quotation omitted); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (finding that because some of the plaintiff’s factual allegations were “not well-pleaded[,]” “their conclusory nature ‘disentitles them to the presumption of truth’ ”) (citing *Iqbal*, 556 U.S. at 681).

## I. Plaintiff's Failure to Respond

Defendant moved to dismiss Plaintiff's complaint for failure to state a claim on July 23, 2026. (ECF No. 11, PageID #36.) Plaintiff has not filed a response, and the time for doing so has now passed. *See* Local Rule 7.1(d) ("[E]ach party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion ...."). The failure to respond presents a sufficient basis to grant the motion. *See* Local Rule 7.1(h). Indeed, "[t]he court's authority to grant a motion to dismiss because it is unopposed is well established." *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04-cv-1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) (collecting cases). "Plaintiff's failure to oppose the motion to dismiss supplies an adequate basis to dismiss this case." *Swallow v. Wells Fargo Bank, N.A.*, 713 F. Supp. 3d 420, 423 (N.D. Ohio 2024).

## II. Failure to State a Claim

"To state a claim for a violation of the FDCPA," a plaintiff must plead that "(1) he/she is a consumer as defined by the act; (2) the debt arose out of a transaction entered into 'primarily for personal, family, or household purposes'; (3) the defendant is a 'debt collector' as defined by the act; and (4) the defendant violated a provision of the FDCPA." *Clark v. Lender Processing Servs., Inc.,* 949 F. Supp. 2d 763, 774 (N.D. Ohio 2013), *as corrected* (July 22, 2013), *aff'd sub nom. Clark v. Lender Processing Servs.,* 562 F. App'x 460 (6th Cir. 2014) (citations omitted).

The Fair Debt Collection Practices Act protects the "consumer" from "debt collectors" who collect on a "debt" using a prohibited form of communication. 15 U.S.C. § 1692. These prohibitions include communicating after the consumer

notifies the debt collector "that the consumer wishes the debt collector to cease further communication with the consumer." *Id.* § 1692c.

In determining whether a debt collector's conduct runs afoul of the Act, "[c]ourts must view any alleged violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014), as amended (Dec. 11, 2014) (quoting *Gionis v. Javitch, Block, Rathbone, LLP,* 238 F. App'x 24, 28 (6th Cir.2007) (internal quotation marks and citations omitted)); *see also Barany-Snyder v. Weiner,* 539 F.3d 327, 333 (6th Cir.2008).

**II.A. Consumer**

The statute defines a consumer as any "person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Here, the complaint alleges that NRA Group contacted Ms. Vickers "regarding an alleged consumer debt." (ECF No. 1, ¶ 7, PageID #1.) Defendant argues that this allegation fails to plead that she is a consumer. (ECF No. 11, PageID #36.) However, construed in Plaintiff's favor, and taking her allegations liberally as a *pro se* litigant, the complaint alleges contact regarding a consumer debt. By implication, if NRA Group contacted Ms. Vickers about a consumer debt, one may fairly infer that she is a consumer. Accordingly, even if it might benefit from some modest factual development, the complaint satisfies the basic pleading requirement of Rule 8 on this element of a claim.

**II.B. Debt**

Under the Act, "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Such debt is commonly referred to as "consumer debt." *Stratton*, 770 F.3d at 452. Again, the complaint alleges that NRA Group contacted Ms. Vickers "regarding an alleged consumer debt." (ECF No. 1, ¶ 7, PageID #1.) Again, Defendant moves to dismiss arguing that this allegation fails to allege a consumer debt. (ECF No. 11, PageID #37.) Again, while the complaint would benefit from some further factual allegations, construed in Plaintiff's favor and reading it in her favor as a *pro se* litigant, the complaint by inference meets the basic Rule 8 notice pleading standard.

**II.C. Debt Collector**

"To prevail on a claim under the FDCPA, the plaintiff must demonstrate that the defendant is a 'debt collector' within the meaning of the statute." *Swallow*, 713 F. Supp. 3d at 423–24 (citing *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 423 (6th Cir. 2013)). The statute defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

To determine whether a person's principal purpose is the collection of any debts "requires specific allegations separate from the events of the particular transaction at issue." *Swallow*, 713 F. Supp. 3d at 424; *see* also *Montgomery v. Huntington Bank*, 346 F.3d 693, 701 (6th Cir. 2003); *Golliday v. Chase Home Fin., LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011).

Here, Plaintiff does not allege that Defendant qualifies as a debt collector under the "principal purpose" definition—Plaintiff merely asserts that NRA Group is a "debt collection company engaged in the business of collecting consumer debts." (ECF No. 1, ¶ 6, PageID #1.) Such a bare allegation is not enough to state a claim under the FDCPA. *Swallow*, 713 F. Supp. 3d at 424 (citing *Montgomery*, 346 F.3d at 701). Additionally, Plaintiff's allegations do not bring NRA Group within the second part of the definition of a "debt collector" because the complaint contains no allegation that the debt being collected is for "another," for a third party—as opposed to for itself.

## CONCLUSION

For all these reasons, the Court concludes that Plaintiff fails to state a claim against NRA Group. Therefore, the Court **GRANTS** Defendant's motion to dismiss.

**SO ORDERED.**

Dated: September 15, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio